UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRUDY A. BOVIE-CLARK                                CIVIL ACTION

VERSUS                                              NO: 12-336

SENTRY SELECT INSURANCE CO., ET                     SECTION: "A" (2)
AL.

**ORDER AND REASONS**

Plaintiff Trudy A. Bovie-Clark filed this lawsuit to recover for personal injuries that she claims to have sustained in a vehicular collision with defendant Lance R. Thomas. At the time of the accident Thomas was operating a commercial tractor-trailer under the dispatch of Theodore Sadowski d/b/a Sadowski Trucking Co. The collision occurred when both Thomas and Bovie-Clark were attempting to execute a right turn from South Claiborne Avenue onto Poydras Street in New Orleans. The case was tried to a jury on April 22-24, 2013. The jury returned its verdict finding that Thomas was not at fault for the accident. (Rec. Doc. 109-3). The Court entered judgment accordingly. (Rec. Doc. 112).

Bovie-Clark has filed a **Motion for New Trial (Rec. Doc. 116)**, **Renewed Motion for Judgement as a Matter of Law (Rec. Doc. 117)**, and a **Motion to Alter or Amend the Judgment (Rec. Doc. 118)**. Bovie-Clark contends that the jury's verdict is inconsistent with the evidence presented at trial. Bovie-Clark argues that the jury could not, as a matter of law, have concluded that she was wholly at fault for the accident, and that the jury's failure to assess any fault whatsoever against Thomas is inconceivable.

The Court disagrees. Thomas's contention in this lawsuit was that after properly signaling and ensuring that he could safely make the turn, he began to execute a right turn and was in the process of executing that turn when Bovie-Clark ran into him. Thomas's contention was that the accident occurred because Bovie-Clark failed to keep a proper lookout for what should have been

1

obvious to a prudent driver. Bovie-Clark and Thomas were the only two eye-witnesses to the accident who testified at trial and they told conflicting stories about how the accident occurred. The objective evidence, such as the damage to the vehicles and their location in the street after the accident, could have supported either Bovie-Clark's or Thomas's version of how the accident happened. Thus, the case came down to a credibility call that only the jury could resolve and it is clear that the jury found Thomas to be the more credible witness. The jury could very well have concluded that Thomas was in fact in the process of executing the turn, when Bovie-Clark either intentionally tried to beat him to the turn or negligently failed to observe what should have been obvious to a prudent motorist. None of Bovie-Clark's other witnesses, all of whom were personal acquaintances of hers, had witnessed the accident so their testimony was not especially probative as to who was at fault for the accident. The jury could have easily found those witnesses to be biased, or simply just of marginal value.

Bovie-Clark contends that the jury's Question #1[1] suggests that the jurors relied on the faded lane divider lines on South Claiborne to absolve Thomas of fault. Yet none of the Court's jury instructions dealt with faded street divider markings and its effect on the negligence of a motorist like Thomas.

The evidence at trial demonstrated that the separate lanes on South Claiborne Avenue near the accident scene were not clearly marked. Rather, the street divider markings were severely faded and barely visible. The jury could very well have been moved to some degree by the faded lines. But even if the jury was influenced by the state of the street divider lines—which need not have occurred for the jury to reach the verdict that it did—that does not impugn the jury's verdict. Thomas is not responsible for the street departments's failure to maintain the City's streets. And even had South Claiborne been clearly marked it does not necessarily follow that Thomas was at fault. It is undisputed as a matter of physical science that Thomas did have to pull to the left to

---

[1] "Does a driver have less liability if street divider (markers) are worn (illegible)"? (Rec. Doc. 109-2).

some degree in order to execute the turn with his tractor-trailer. Even with clearly marked lanes the jury could have concluded that he had properly signaled the turn, ensured that he could safely make the turn, and then begun executing the turn when Bovie-Clark came along. Again, the case turned on credibility.

Bovie-Clark also complains of problems with the jury during the course of the trial. She notes that jurors 2 and 4 were sleeping during the trial on multiple occasions, and that the Court even had to wake up juror 4 twice.

The Court observed the jury very carefully during the entire three days of trial. The Court recessed the trial whenever it noticed that the jurors might benefit from a break. The Court is not persuaded that the jury's verdict was tainted by inattention on the part of the jurors.

Finally, Bovie-Clark contends that the jury's verdict could very well have been the product of Thomas's intimidation. Bovie-Clark points to the facial gestures that Thomas was admonished for making during trial, gestures that Bovie-Clark contends were antagonizing and harassing.

The Court is unpersuaded that the jury's verdict was the product of intimidation. The Court had the opportunity to spend time with the jurors after the trial. Their deliberations were not discussed with the Court but the jurors talked freely about their experience in federal court, and their impressions of the parties and their attorneys. The Court is confident that this jury's verdict was not improperly influenced by anything that Thomas did during the trial.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for New Trial (Rec. Doc. 116)**, **Renewed Motion for Judgement as a Matter of Law (Rec. Doc. 117)**, and **Motion to Alter or Amend the Judgment (Rec. Doc. 118)** filed by plaintiff Trudy A. Bovie-Clark are **DENIED**.

June 21, 2013

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE